IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Mineral Park, Inc., et al.,[1] | ) | Case No. 14-11996 (___) |
| | ) | (Joint Administration Requested) |
| Debtors. | ) | |

**MOTION OF THE DEBTORS PURSUANT TO
SECTIONS 105(a), 330 AND 331 OF THE BANKRUPTCY CODE FOR AN
ADMINISTRATIVE ORDER ESTABLISHING PROCEDURES FOR INTERIM
COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS**

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") hereby submit this motion (the "Motion") for the entry of an order, substantially in the form annexed hereto as **Exhibit A**, establishing procedures for interim compensation and reimbursement of expenses for professionals and official committee members. In support of this Motion, the Debtors respectfully state as follows

**JURISDICTION**

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief sought herein are sections 105(a), 330, and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2016-2 of the Local Rules of

---

[1] The Debtors in these proceedings and the last four digits of each Debtor's federal taxpayer identification number are as follows: Mineral Park, Inc. (6900); Bluefish Energy Corporation (6843); Mercator Mineral Park Holdings Ltd. (3520); and Lodestrike Resources Ltd. (7923). The mailing address for Debtors is Mineral Park, Inc. and Bluefish Energy Corporation is 8275 N. Mineral Park Road, Golden Valley AZ 86413. The mailing address for Debtors Mercator Mineral Park Holdings Ltd. and Lodestrike Resources Ltd. is #1050 - 625 Howe Street Vancouver BC V6C 2T6.

Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of

Delaware (the "Local Rules").

## BACKGROUND

3.      On the date hereof (the "Petition Date"), each of the Debtors filed with

this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  Concurrently

herewith, the Debtors have filed a motion with this Court requesting joint administration of the

Debtors' chapter 11 cases (the "Cases") for procedural purposes only.  The Debtors are operating

their business and managing their properties as debtors and debtors in possession pursuant to

sections 1107(a) and 1108 of the Bankruptcy Code.  No request has been made for the

appointment of a trustee or an examiner in these cases, and no official committee has yet been

appointed by the Office of the United States Trustee.

4.      The factual background regarding the Debtors, including their current and

historical business operations and the events precipitating their chapter 11 filings, are set forth in

detail in the *Declaration of Marc S. LeBlanc in Support of First Day Motions* (the "LeBlanc

Declaration") filed concurrently herewith and fully incorporated herein by reference.[2]

## RELIEF REQUESTED

5.      By this Motion, the Debtors request the entry of an order approving the

Compensation Procedures (as defined herein) for an orderly, regular process for the allowance

and payment of compensation and reimbursement of expenses for attorneys and other

professionals whose retentions are approved by this Court pursuant to sections 327 or 1103 of

---

[2]  Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the LeBlanc
Declaration.

the Bankruptcy Code and who will be required to file applications for allowance of compensation and reimbursement of expenses pursuant to sections 330 and 331 of the Bankruptcy Code. The entry of such an order will streamline the professional compensation process and allow the Court and other parties to more effectively monitor the professional fees and expenses incurred in these Cases. This Motion further seeks approval of a procedure for reimbursement of reasonable out-of-pocket expenses incurred by members of any official committee of unsecured creditors that may be appointed in these Cases (the "Committee").

## RETENTION OF PROFESSIONALS

6.      The Debtors have filed or intend to file applications to retain certain professionals, including Pachulski Stang Ziehl & Jones LLP, as the Debtors' bankruptcy counsel.. The Debtors may seek to retain other professionals during the course of these Cases if the need arises. Moreover, the Debtors anticipate that a Committee may be formed in these Cases and will file an application to retain counsel and possibly other professionals, to assist it in fulfilling its obligations in these Cases (the professionals retained the Debtors and any Committee in these Cases are hereafter collectively referred to as the "Professionals").

## PROPOSED COMPENSATION AND REIMBURSEMENT PROCEDURES

7.      By this Motion, the Debtors propose that, except as otherwise provided in an order of the court authorizing the retention of a particular Professional, that Professionals be permitted to seek interim payment of compensation and reimbursement of expenses in accordance with the procedures set forth below (the "Compensation Procedures"):

> a.      On or before the 25th day of each calendar month, or as soon as practicable thereafter (but not earlier than the 15th day of each

calendar month), each Professional may file an application (a "Monthly Fee Application") with the Court for interim approval and allowance of compensation for services rendered and reimbursement of expenses incurred during any preceding month or months, and serve a copy of such Monthly Fee Application by overnight mail on each of the following parties (collectively, the "Notice Parties"):

(a) counsel to the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, 17th Floor, Wilmington, DE 19801, Attn: James E. O'Neill;

(b) counsel to the Administrative Agent, (i) Luskin, Stern & Eisler LLP, Eleven Times Square, New York, New York  10036, Attn: Richard Stern; and (ii) Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, Wilmington, Delaware 19801, Attn: Derek C. Abbott.

(c) the Office of the United States Trustee, 844 King Street, Suite 2207 Lockbox 35, Wilmington, DE 19801, Attn. Tiiara N. A. Patton; and

(d) counsel to any official committee of unsecured creditors appointed in these cases

Any Professional that fails to file a Monthly Fee Application for a particular month or months may subsequently submit a consolidated Monthly Fee Application including any prior month or months.  All Monthly Fee Applications shall comply with the Bankruptcy Code, the Bankruptcy Rules, applicable Third Circuit law, and Local Rule 2016-2.

b.    Each Notice Party will have 21 days after service of a Monthly Fee Application to review the request (the "Review Period").  If any Notice Party wishes to object to a Professional's Monthly Fee Application, the objecting party shall serve a written notice (a "Notice of Objection") so that it is received by the end of the Review Period by the applicable Professional and each of the Notice Parties.  A Notice of Objection shall set forth the precise nature of the objection and the amount of fees and expenses at issue.

c.    Upon the expiration of the Review Period, if a Notice of Objection has not been served with respect to a Monthly Fee Application, a Professional may file a certificate of no objection with the Court with respect to the unopposed portion of the fees and expenses requested in its Monthly Fee Application (each, a "CNO").  After a CNO is filed, the Debtors are authorized and directed to pay the Professional an amount equal to 80% of the fees and 100% of the expenses requested in the applicable Monthly Fee Application (the "Maximum Monthly Payment")  If a Notice of Objection was timely received and remains unresolved, the Debtors are authorized and directed to pay the Professional an amount (the "Reduced Monthly Payment") equal to the lesser of (i) the

Maximum Monthly Payment and (ii) 80% of the fees and 100% of the expenses not subject to a Notice of Objection.

d.  If a Notice of Objection is timely served in response to a Monthly Fee Application, the objecting party and the Professional shall attempt to resolve the objection on a consensual basis. If and to the extent that the parties reach an agreement, the Debtors shall promptly pay 80% of the agreed-upon fees and 100% of the agreed-upon expenses, to the extent not already included in an Reduced Monthly Payment (an "Incremental Resolution Payment"). If, however, the parties are unable to reach a complete resolution of the objection within ten days after service of the Notice of Objection, the objecting party shall file its objection (the "Objection") with the Court within three business days and serve such Objection on the respective Professional and each of the Notice Parties. Thereafter, the Professional may either (i) file with the Court a response to the Objection, together with a request for payment of the difference, if any, between (A) the Maximum Monthly Payment and (B) the Reduced Monthly Payment and any Incremental Resolution Payment made to the affected Professional (the "Incremental Amount") or (ii) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider the Objection, if requested by the parties.

e.  At three-month intervals or such other intervals convenient to the Court (the "Interim Fee Period"), each of the Professionals may file with the Court and serve on the Notice Parties a request (an "Interim Fee Application Request") for interim Court approval and allowance of the payment of compensation and reimbursement of expenses sought by such Professional in its Monthly Fee Applications, including any holdbacks, filed during the Interim Fee Period, pursuant to section 331 of the Bankruptcy Code. The Interim Fee Application Request must include a brief description identifying the following:

    i.   the Monthly Fee Applications that are the subject of the request;

    ii.  the amount of fees and expenses requested;

    iii. the amount of fees and expenses paid to date or subject to an Objection;

    iv.  the deadline for parties to file objections (the "Additional Objections") to the Interim Fee Application Request; and

    v.   any other information requested by the Court or required by the Local Rules.

Objections, if any, to the Interim Fee Application Requests shall be filed and served upon the Professional that filed the Interim Fee Application and the other Notice Parties so as to be received on or

before 4:00 p.m. prevailing Eastern Time on the 21st day (or the next business day if such day is not a business day) following service of the applicable Interim Fee Application Request.

f.    The Debtors will request that the Court schedule a hearing on the Interim Fee Application Requests at least once every six months. The Debtors, however, may request that a hearing be held every three months or at such other intervals as the Court deems appropriate. If no Objections are pending and no Additional Objections are timely filed, the Court may grant an Interim Fee Application Request without a hearing.

g.    The first Interim Fee Period will cover the month in which the Petition Date occurs and the two full months immediately following such month. Thus, as applicable to these chapter 11 cases, the first Interim Fee Period will cover the Petition Date through November 30, 2014. Each Professional must file and serve its first Interim Fee Application Request on or before the 45th day following the end of the first Interim Fee Period. Accordingly, the first Interim Fee Application Requests must be filed on or before January 15, 2015.

h.    The pendency of an Objection to payment of compensation or reimbursement of expenses will not disqualify a Professional from the future payment of compensation or reimbursement of expenses under the Interim Compensation Procedures. Any Professional that fails to file a Monthly Fee Application or an Interim Fee Application Request when due or permitted will be ineligible to receive further interim payments of fees or reimbursement of expenses under the Interim Compensation Procedures until such time as a Monthly Fee Application or Interim Fee Application Request is submitted by the Professional. There will be no other penalties for failing to file a Monthly Fee Application or an Interim Fee Application Request in a timely manner.

i.    Neither (i) the payment of or the failure to pay, in whole or in part, interim compensation and/or the reimbursement of or the failure to reimburse, in whole or in part, expenses under the Interim Compensation Procedures nor (ii) the filing of or failure to file an Objection will bind any party in interest or the Court with respect to the final allowance of applications for payment of compensation and reimbursement of expenses of Professionals. All fees and expenses paid to Professionals under the Interim Compensation Procedures are subject to disgorgement until final allowance by the Court.

8.    By this Motion, the Debtors also request that each member of any

Committee be permitted to submit statements of expenses (excluding third-party counsel

expenses of individual Committee members) with supporting vouchers to Committee counsel,

which counsel shall collect and submit the Committee member's request for reimbursement in accordance with the Compensation Procedures.  Approval of these Compensation Procedures, however, will not authorize payment of such expenses to the extent that such payment is not authorized under the Bankruptcy Code, Bankruptcy Rules, Local Rules, or the practice of this Court.

9.    By this Motion, the Debtors further request that the Court limit the notice of interim and final fee application requests to (i) the Notice Parties and (ii) parties that have filed with the Clerk of this Court a request for special notice pursuant to Bankruptcy Rule 2002. The Debtors further request that (i) the Notice Parties be entitled to receive the Monthly Fee Applications, any Interim Fee Application, any final fee applications (the "Final Fee Applications"), and any notices of hearing on Interim Fee Applications and Final Fee Applications (the "Hearing Notices") and (ii) all other parties entitled to notice be entitled to receive only the Interim Fee Applications and the Hearing Notices.  Providing notice of interim and final fee applications in such manner will allow the parties most active in these Chapter 11 Cases to review and object to professional fees and will save the expense that would be incurred in duplication and mailing costs.

10.    The Debtors shall include all payments made to Professionals in accordance with the Compensation Procedures in their monthly operating report(s), identifying the amount paid to each of the Professionals.

11.    The procedures proposed herein will enable the Debtors to closely monitor the costs of administration and implement efficient cost management procedures.  In addition,

these proposed Compensation Procedures will allow the Court and the key parties in interest, including the Office of the United States Trustee, to more efficiently monitor the compensation and reimbursement of Professionals.

**APPLICABLE AUTHORITY**

12.     Pursuant to section 331 of the Bankruptcy Code, all Professionals are entitled to submit applications for interim compensation and reimbursement of expenses every 120 days, or more often if the Court permits.  Moreover, section 105(a) of the Bankruptcy Code authorizes the Court to issue any order "that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).

13.     Courts have generally recognized that in large cases it is appropriate to allow payment of professionals more frequently.  *In re Mariner Post-Acute Network Inc.*, 257 B.R. 723, 727 (Bankr. D. Del. 2000).  Courts have regularly entered orders allowing professional compensation procedures that provide for interim compensation and expense reimbursement on a monthly basis.  In fact, this Court has approved similar compensation procedures in many cases within this District.  *See, e.g.*, *In re Revstone Industries, LLC, et al.*, Case No. 12-13262 (BLS) (Bankr. D. Del. March 20, 2013); *In re DDMG Estate, et al.*, Case No. 12-12568 (BLS) (Bankr. D. Del. Oct. 22, 2012); *In re AFA Investment, Inc. et al.*, Case No. 12-11127 (MFC) (Bankr. D. Del. April 20, 2012); *In re CyberDefender Corporation,* Case No. 12-10633 (BLS) (Bankr. D. Del. March 14, 2012); *In re William Lyon Homes,* Case No. 11-14019 (CSS) (Bankr. D. Del. Jan. 10, 2012) *In re Solyndra LLC,* Case No. 11-12799 (MFW) (Bankr. D. Del. Sept. 23, 2011); *In re Nebraska Book Co., Inc.,* Case No. 11-12005 (PJW) (Bankr. D. Del. July 21, 2011); *In re*

*Consolidated Horticulture Group, LLC,* Case No. 10-13308 (CSS) (Bankr. D. Del. Nov. 1,

2010); *In re Point Blank Solutions, Inc.,* Case. No. 10-11255 (PJW) (Bankr. D. Del. May 12,

2010). Accordingly, this Court has authority to enter an order authorizing the Compensation

Procedures requested herein.

14.     Implementation of the proposed Compensation Procedures is justified and

in the best interests of the Debtors' estates and their creditors. Factors to consider in deciding

whether to establish interim compensation procedures include the size of the case, the

complexity of the issues involved and the time required on part of the attorneys for the debtor in

providing services necessary to achieve a successful reorganization. The Debtors have limited

staff and resources to deal with the extra burdens imposed by the filing of these Cases.

Moreover, the Debtors believe that several Professionals will be retained in these Cases.

Without the streamlined compensation procedures requested herein, the professional fee

application process and review of the professional fee applications would be overly burdensome

on the Debtors, the Professionals, the Court, the Office of the United States Trustee, and other

parties in interest. The Debtors believe that the proposed Compensation Procedures are

necessary to ensure that the Professionals are fairly and timely compensated for their services

and that such Professionals are not forced to bear undue financial burden or risk caused by delays

in payment.

15.     The Debtors believe that the Compensation Procedures requested herein

will: (i) enable the Debtors and parties in interest to closely monitor costs of administration

relating to these Cases; (ii) allow the Court and parties in interest to ensure the reasonableness

and necessity of the compensation and reimbursement of expenses; (iii) substantially reduce the burden imposed on the Court by avoiding the need for immediate review of Monthly Fee Applications; and (iv) eliminate undue financial burdens on the Professionals and avoid having the Professionals fund the costs of the Debtors' Cases.

16.    Based on the foregoing, the Debtors submit that the relief requested by this Motion is necessary, appropriate and in the best interests of their estates and creditors and should therefore be granted.

## NO PRIOR REQUEST

17.    No previous motion or application for the relief sought herein has been made to this or any other court.

## NOTICE

18.    Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known: (a) the Office of the United States Trustee; (b) the Debtors' prepetition secured lenders; (c) the creditors listed in the consolidated list of creditors holding 30 largest unsecured claims; and (d) those persons who have requested notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE the Debtors respectfully request the entry of an order, substantially in the form annexed hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as is just and proper.

Dated: *August 25*, 2014

PACHULSKI STANG ZIEHL & JONES LLP

*James E. O'Neill*

Jeremy V. Richards (CA Bar No. 102300)
Maxim B. Litvak (CA Bar No. 215852)
James E. O'Neill (DE Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
E-mail:      jrichards@pszyjw.com
             mlitvak@pszjlaw.com
             joneill@pszjlaw.com

[Proposed] Counsel for the Debtors and Debtors in Possession