IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Mineral Park, Inc., et al.,[1]<br><br>Debtors. | ) Chapter 11<br>)<br>) Case No. 14-11996 (KJC)<br>) (Jointly Administered)<br>)<br>) Hearing Date: March 18, 2015 at 2:00p.m. (ET)<br>) Obj. Due: February 5, 2015 at 4:00p.m. (ET)<br>) |

COVER SHEETS TO
FIRST INTERIM FEE APPLICATION OF EVERCORE GROUP L.L.C.,
INVESTMENT BANKER TO THE DEBTOR, FOR ALLOWANCE OF
COMPENSATION FOR THE PERIOD FROM SEPTEMEBER 25, 2014 THROUGH
DECEMBER 24, 2014 AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD
FROM AUGUST 25, 2014 THROUGH DECEMBER 24, 2014

| | |
|---|---|
| Name of Applicant: | Evercore Group L.L.C. |
| Authorized to Provide Professional Services to: | Debtor and Debtor-in-Possession |
| Date of Retention: | September 23, 2014 *(nunc pro tunc* to August 25, 2014) |
| Period for Which Compensation and/or Reimbursement is Sought: | August 25, 2014 through December 24, 2014 |
| Compensation Sought as Actual, Reasonable, and Necessary: | $375,000.00 |
| Expense Reimbursement Sought as Actual, Reasonable, and Necessary: | $33,357.08[2,3] |
| Net Amount of Compensation and Expense Reimbursement Requested: | $408,357.08 |

---

[1] The Debtors in these proceedings and the last four digits of each Debtor's federal taxpayer identification number are as follows: Mineral Park, Inc. (6900); Bluefish Energy Corporation (6843); Mercator Mineral Park Holdings Ltd. (3520); and Lodestrike Resources Ltd. (7923). The mailing address for Debtors Mineral Park, Inc. and Bluefish Energy Corporation is 8275 N. Mineral Park Road, Golden Valley AZ 86413. The mailing address for Debtors Mercator Mineral Park Holdings Ltd. and Lodestrike Resources Ltd. is #1050 - 625 Howe Street, Vancouver BC

[2] Expense amount shown net of a $3,161.00 credit. Prior to the Petition Date, Evercore received $10,000.00 from the Debtors as an expense retainer. $6,839.00 of this was applied against pre-petition expenses, resulting in a $3,161.00 credit towards post-petition expenses. Additional details on this credit can be found in Evercore's First Monthly Fee Application [Docket No. 252].

[3] Expense amount shown net of $539.66 of expenses Evercore has voluntarily written off which were billed during the Reimbursement Period in Evercore's First Monthly Fee Application [Docket No. 252]. The full amount of these write-offs was credited against fees and expenses incurred during Evercore's Second Monthly Fee Application period [Docket No. 292].

This is a:   __ monthly        X interim        ____ final application.

The total time expended for fee application preparation was approximately 10 hours.

If this is not the first application filed, disclose the following for each prior application:

### Summary of Prior Applications Filed and Fees and Costs Paid to Date

| Date & Docket No. | Period Covered | Requested Fees (A) | Requested Expenses (B) | CNO Date & Docket No. | Approved Fees (C) | Approved Expenses (D) | Amounts Paid (E) | Holdback / Amount Due (A+B-E) |
|---|---|---|---|---|---|---|---|---|
| 11/17/2014 [252] | 9/25/2014 - 10/24/2014 | $125,000.00 | $7,529.17[2] | 12/10/2014 [277] | $100,000.00 | $7,529.17[2] | $ - | $132,529.17 |
| 12/17/2014 [292] | 10/25/2014 - 11/24/2014 | $125,000.00 | ($317.74)[3] | 1/9/2015 [320] | $100,000.00 | $221.92[3] | $ - | $124,682.26 |
| 1/15/2015 [333] | 11/25/2014 - 12/24/2014 | $125,000.00 | $26,145.65 | n/a | n/a | n/a | $ - | $151,145.65 |
| Total | 9/25/2014 - 12/24/2014 | $375,000.00 | $33,357.08 | n/a | n/a | n/a | $ - | $408,357.08 |

---

[3] Expense amount shown net of a $3,161.00 credit. Prior to the Petition Date, Evercore received $10,000.00 from the Debtors as an expense retainer. $6,839.00 of this was applied against pre-petition expenses, resulting in a $3,161.00 credit towards post-petition expenses. Additional details on this credit can be found in Evercore's First Monthly Fee Application [Docket No. 252].

[2] Expense amount shown net of $539.66 of expenses Evercore has voluntarily written off which were billed during the Reimbursement Period in Evercore's First Monthly Fee Application [Docket No. 252]. The full amount of these write-offs was credited against fees and expenses incurred during Evercore's Second Monthly Fee Application period [Docket No. 292].

## Summary of Time Spent by Evercore Professionals
## From August 25, 2014 through December 24, 2014

| Name of Professional | Title | Total Hours |
| --- | --- | --- |
| Lloyd Sprung | Senior Managing Director | 91.5 |
| Jose Miguel Smith | Managing Director | 102.0 |
| Wynn Housel | Managing Director | 304.5 |
| Scott Meyer | Vice President | 578.5 |
| Avinash D'Souza | Vice President | 80.5 |
| Marta Soler | Associate | 426.0 |
| Mariya Pojidaev | Senior Analyst | 162.5 |
| Brandon Zhang | Senior Analyst | 340.0 |
| Matthew Greenberg | Analyst | 106.0 |
| **Total** | | **2,191.5** |

## Summary of Services Rendered by Evercore Professionals
## From August 25, 2014 through December 24, 2014 [4]

| Project Description | Total Hours |
|---|---|
| General Case Administration | 211.0 |
| Due Diligence | 240.5 |
| Business Plan and Strategy | - |
| Capital Structure Review and Analysis | - |
| Financing | - |
| Asset Sales and Other M&A Activity | 1,518.5 |
| Plan of Reorganization | - |
| Board Communication | - |
| Creditor / Vendor Communication | 186.5 |
| Travel | - |
| Evercore Retention | 35.0 |
| **Total** | **2,191.5** |

---

[4] Upon further review of its record keeping, Evercore has reclassified certain hours filed during its First Monthly Fee Application period from General Case Administration and Asset Sales and Other M&A Activity to Credit/Vendor Communication.

## Summary of Expenses Incurred by Evercore Group L.L.C.
## From August 25, 2014 through December 24, 2014

| Project Description | Expenses |
|---|---|
| Professional Fees | $32,225.31 |
| Meals | 847.96 |
| Hotel | 602.17 |
| Transportation | 2,842.64 |
| Less: Unused Portion of Prepetition Expense Retainer | (3,161.00)[5] |
| **Total** | **$33,357.08** |

| Description | Expenses |
|---|---|
| Expenses from First Fee Application | $10,690.17 |
| Expenses from Second Fee Application | 221.92 |
| Expenses from Third Fee Application | 26,145.65 |
| Less: Unused Portion of Prepetition Expense Retainer | (3,161.00)[5] |
| Less: Voluntary Write-offs from First Monthly Fee Application | (539.66)[6] |
| **Total** | **$33,357.08** |

---

[5] Prior to the Petition Date, Evercore received $10,000.00 from the Debtors as an expense retainer. $6,839.00 of this was applied against pre-petition expenses, resulting in a $3,161.00 credit towards post-petition expenses. Additional details on this credit can be found in Evercore's First Monthly Fee Application [Docket No. 252].

[6] Based on further review of it's records, Evercore has voluntarily written off $539.66 of expenses ($86.82 of ground transportation-related and $452.84 of late-night meals-related expenses) billed during the Reimbursement Period in Evercore's First Monthly Fee Application [Docket No. 252]. The full amount of these write-offs is credited against fees and expenses incurred during this Application Period.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Mineral Park, Inc., et al.,[1] | Case No. 14-11996 (KJC) |
| | (Jointly Administered) |
| Debtors. | |
| | **Hearing Date: March 18, 2015 at 2:00p.m. (ET)** |
| | **Obj. Due: February 5, 2015 at 4:00p.m. (ET)** |

**FIRST INTERIM FEE APPLICATION OF EVERCORE GROUP L.L.C., INVESTMENT BANKER TO THE DEBTOR, FOR ALLOWANCE OF COMPENSATION FOR THE PERIOD FROM SEPTEMEBER 25, 2014 THROUGH DECEMBER 24, 2014 AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM AUGUST 25, 2014 THROUGH DECEMBER 24, 2014**

Evercore Group L.L.C. ("Evercore"), investment banker to Mineral Park, Inc. ("Mineral Park" or the "Debtor"), hereby submits its First Interim Fee Application (the "Application") for (a) allowance of (i) compensation for professional services rendered from September 25, 2014 through and including December 24, 2014 (the "Compensation Period") in the amount of $375,000.00 and (ii) reimbursement of actual and necessary expenses incurred in connection with such serves from August 25, 2014 through and including December 24, 2014 (the "Reimbursement Period") in the amount $33,357.08,[2][3] for a total allowance of $408,357.08 (the "Interim Compensation Request Amount"), each as described in the cover sheets hereto, and

---

[1] The Debtors in these proceedings and the last four digits of each Debtor's federal taxpayer identification number are as follows: Mineral Park, Inc. (6900); Bluefish Energy Corporation (6843); Mercator Mineral Park Holdings Ltd. (3520); and Lodestrike Resources Ltd. (7923). The mailing address for Debtors Mineral Park, Inc. and Bluefish Energy Corporation is 8275 N. Mineral Park Road, Golden Valley AZ 86413. The mailing address for Debtors Mercator Mineral Park Holdings Ltd. and Lodestrike Resources Ltd. is #1050 - 625 Howe Street, Vancouver BC V6C 2T6.

[2] Expense amount shown net of a $3,161.00 credit. Prior to the Petition Date, Evercore received $10,000.00 from the Debtors as an expense retainer. $6,839.00 of this was applied against pre-petition expenses, resulting in a $3,161.00 credit towards post-petition expenses. Additional details on this credit can be found in Evercore's First Monthly Fee Application [Docket No. 252].

[3] Expense amount shown net of $539.66 of expenses Evercore has voluntarily written off which were billed during the Reimbursement Period in Evercore's First Monthly Fee Application [Docket No. 252]. The full amount of these write-offs was credited against fees and expenses incurred during Evercore's Second Monthly Fee Application period [Docket No. 292].

(b) payment of the unpaid amount of such compensation and expenses. In support of this Application, Evercore respectfully represents as follows:

## JURISDICTION

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The Application is made pursuant to sections 327, 328, 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Retention Order (as defined below), this Court's *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals*, dated October 3, 2014 [Docket No. 177] (the "Interim Compensation Procedures Order") and the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. §330 (the "Guidelines").

## BACKGROUND

3. On August 25, 2015 (the "Petition Date"), the Debtor and certain of its affiliates filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtor is operating its business and managing its property as debtor-in-possession pursuant to sections 1107(a) and 1108 the Bankruptcy Code.

4. The factual background regarding the Debtor, including its current and historical business operations and the events precipitating its chapter 11 filing, is set forth in detail in the *Declaration of Marc S. Leblanc in Support of First Day Motions*, dated August 26, 2014 [Docket No. 3] which is fully incorporated herein by reference.

5. On September 11, 2014, the Debtor applied to this Court for authorization to retain and employ Evercore, as investment banker, pursuant to the terms of an amended and restated engagement letter dated September 10, 2014, (the "Engagement Letter"), which was included within Exhibit A to the *Supplement to Application of Debtor Mineral Park, Inc. and Joinder of Bluefish Energy Corporation for Entry of an Order (A) Authorizing the Employment and Retention of Evercore Group L.L.C. as Investment Banker for the Debtor, Effective Nunc Pro Tunc as of the Petition Date, and (B) Waiving Certain Time-Keeping Requirements Pursuant to L.R. 2016-2(H)*, dated September 11, 2014 [Docket No. 96].

6. On September 23, 2014, this Court entered its *Order (A) Authorizing the Employment and Retention of Evercore Group L.L.C. as Investment Banker for Debtor Mineral Park, Inc., Effective Nunc Pro Tunc to Petition Date, and (B) Waiving Certain Time-Keeping Requirements Pursuant to L.R. 2016-2(H)* [Docket No. 141] (the "Retention Order"). Under the terms of the Retention Order, the Debtor was authorized to employ and retain Evercore *nunc pro tunc* to the Petition Date and pursuant to the terms of the Engagement Letter as modified thereby.

7. Under the Engagement Letter as approved by the Retention Order, Evercore is entitled to, among other things, payment of various fees, including, but not limited to, a Sale Fee, a Restructuring Fee, and/or a Financing Fee, as each term is defined in the Engagement Letter, as well as a $125,000.00 monthly fee (the "Monthly Fee") and a reimbursement of Evercore's reasonable out-of-pocket and other documented expenses incurred in connection with its services to the Debtor.

## MONTHLY FEE APPICATIONS COVERED HEREIN

8. The Monthly Fee Applications for the periods September 25, 2014 through December 24, 2014 of Evercore have been filed and served pursuant to the Interim Compensation Procedures Order and accordingly are deemed sufficient and adequate notice and

in full compliance with the applicable provisions of the Bankruptcy Code, Bankruptcy Rules and Local Rules.

9.  On November 17, 2014, Evercore filed its *First Monthly Fee Application of Evercore Group L.L.C., Investment Banker to the Debtor, for Allowance of Compensation for the Period from September 25, 2014 through October 24, 2014 and Reimbursement of Expenses for the Period From August 25, 2014 through October 24, 2014* [Docket No. 252] (the "First Monthly Fee Application") requesting $125,000.00 in fees and $7,529.17[2] in expenses. A certificate of no objection (the "First Monthly CNO") was filed with respect to the First Monthly Fee Application on December 10, 2014 [Docket No. 277]. No payments have been received by Evercore for compensation and expense reimbursement requested in the First Monthly Fee Application. A true and correct copy of the First Monthly Fee Application is attached hereto as **Exhibit A-1** and a true and correct copy of the First Monthly CNO is attached hereto as **Exhibit A-2**.

10. On December 17, 2014, Evercore filed its *Second Monthly Fee Application of Evercore Group L.L.C., Investment Banker to the Debtor, for Allowance of Compensation and Reimbursement of Expenses for the Period from October 25, 2014 through November 24, 2014* [Docket No. 292] ("Second Monthly Fee Application") requesting $125,000.00 in fees and ($317.74)[3] in expenses. A certificate of no objection (the "Second Monthly CNO") was filed with respect to the Second Monthly Fee Application on January 9, 2015 [Docket No. 320]. No

---

[2] Expense amount shown net of a $3,161.00 credit. Prior to the Petition Date, Evercore received $10,000.00 from the Debtors as an expense retainer. $6,839.00 of this was applied against pre-petition expenses, resulting in a $3,161.00 credit towards post-petition expenses. Additional details on this credit can be found in Evercore's First Monthly Fee Application [Docket No. 252].

[3] Expense amount shown net of $539.66 of expenses Evercore has voluntarily written off which were billed during the Reimbursement Period in Evercore's First Monthly Fee Application [Docket No. 252]. The full amount of these write-offs was credited against fees and expenses incurred during the Evercore's Second Monthly Fee Application period [Docket No. 292].

payments have been received by Evercore for compensation and expense reimbursement requested in the Second Monthly Fee Application. A true and correct copy of the Second Monthly Fee Application is attached hereto as **Exhibit B-1** and a true and correct copy of the Second Monthly CNO is attached hereto as **Exhibit B-2**.

11. On January 15, 2015, Evercore filed its *Third Monthly Fee Application of Evercore Group L.L.C., Investment Banker to the Debtor, for Allowance of Compensation and Reimbursement of Expenses for the Period from November 25, 2014 through December 24, 2014* [Docket No. 333] ("Third Monthly Fee Application") requesting $125,000.00 in fees and $26,145.65 in expenses. The Third Monthly Fee Application is pending. A true and correct copy of the Third Monthly Fee Application is attached hereto as **Exhibit C**.

## COMPENSATION REQUEST

12. In accordance with the Engagement Letter, the Retention Order and the Interim Compensation Procedures Order, Evercore seeks payment in accordance with the Interim Compensation Procedures Order of 100% of the Interim Compensation Request Amount.

13. For the convenience of the Court and all parties-in-interest, attached hereto as **Exhibit D** is a chart for the Compensation Period setting forth the name of each professional providing services to the Debtor, a summary of hours expended by Evercore's professionals and an itemization of Evercore's fees for services provided during such period. In addition, attached hereto as **Exhibit E** are details regarding Evercore's expenses for the Reimbursement Period.

14. Evercore has attempted to include in this Application all time and expenses relating to the Compensation Period and Reimbursement Period, as applicable. Delays in processing such time and receiving invoices for certain expenses, however, do occur. Accordingly, Evercore reserves the right to seek payment for work performed during the Compensation Period or expenses incurred during the Reimbursement Period but not yet

reflected in Evercore's time records or to amend the amounts listed herein to correct any bookkeeping errors. In the event that a subsequent review reveals that additional professional services have been rendered during the Compensation Period or expenses have been incurred on behalf of the Debtors during the Reimbursement Period, which were not processed by the Evercore's accounting system before the time of this Application, Evercore reserves the right to seek such additional fees and expenses by subsequent application to the Court. This Application is also made without prejudice to Evercore's right to seek a final allowance of compensation in the future.

## SUMMARY OF SERVICES

15. The Evercore personnel who have rendered professional services to the Debtor during the Reimbursement Period are as follows: Lloyd Sprung (Senior Managing Director); Jose Miguel Smith (Managing Director); Wynn Housel (Managing Director); Scott Meyer (Vice President); Avinash D'Souza (Vice President); Marta Soler (Associate); Mariya Pojidaev (Senior Analyst); Brandon Zhang (Senior Analyst) and Matthew Greenberg (Analyst).

16. The services provided by Evercore during the Compensation Period were primarily related to the marketing of the Debtor's assets as required by the provisions of the *Final Order (A) Authorizing Post-Petition Use of Cash Collateral, (B) Granting Adequate Projection to the Finance Parties and (C) Granting Related Relief* [Docket No. 189], creditor communication regarding such sale process and general chapter 11 case administration. These services were necessary to address critical issues both unique to these chapter 11 cases and typically faced by large corporate debtors in similar cases. Evercore will continue to perform additional, necessary services on behalf of the Debtor subsequent to December 24, 2014, for which Evercore will file subsequent fee applications. To facilitate a meaningful review of its

services, the following is a summary, by category, of the professional services provided by Evercore during the Compensation Period.

### (a) General Case Administration, Category 1

Total Hours: 211.0

17. This category includes time spent by Evercore in connection with the status or strategy of the case. This category also includes time spent on general administration and management of the case and review of court documents filed by the Debtor and other parties-in-interest. This category also includes time spent by Evercore preparing and reviewing its Monthly Fee Statements and Fee Applications, including efforts to ensure that all expenses charged were incurred in conjunction with time spent by Evercore professionals working on projects related to the Debtors and that all of the Evercore time records comply with the Guidelines, applicable provisions of the Bankruptcy Code, and the orders of this Court.

### (b) Due Diligence, Category 2

Total Hours: 240.5

18. This category includes time spent by Evercore extending its understanding of the businesses of the Debtor, including by means of management calls, meetings, document review, internal discussions and analysis. This category also includes time spent by Evercore extending its understanding of the industry in which the Debtors operates, reviewing other relevant industry-related documents and performing analysis

### (c) Asset Sales and Other Activity, Category 6

Total Hours: 1,518.5

19. This category includes time spent by Evercore advising the Debtor on the sale of the Debtor's assets, including developing marketing materials, understanding and conducting analysis of the Debtor's business plan, by, among other things, reviewing, discussing

and analyzing key operational and financial assumptions in the business plan, contacting potential buyers, assisting potential buyers with due diligence, structuring a potential transaction and negotiating with potential buyers.

    **(d)    Creditor/Vendor Communication, Category 9**

    Total Hours: 186.5

20.    This category includes time spent by Evercore negotiating and discussing a wide range of issues with creditors, other parties-in-interest and their respective advisors. The category also includes time spent drafting and developing presentations for creditors and other parties-in-interest and in responding to their due diligence requests.

    **(e)    Evercore Retention, Category 13**

    Total Hours: 35.0

21.    This category includes time spent by Evercore preparing and reviewing its retention application and time spent by Evercore professionals attending the Court's hearing on such application.

## EXPENSES INCURRED

22.    During the Reimbursement Period, Evercore incurred reasonable and necessary out-of-pocket expenses of $33,357.08[23]. Details of the expenses incurred during the Reimbursement Period are set forth in **Exhibit E**. Evercore submits that all such expenses were necessarily incurred, are reasonable in amount and represent only the actual costs incurred.

---

[2] Expense amount shown net of a $3,161.00 credit. Prior to the Petition Date, Evercore received $10,000.00 from the Debtors as an expense retainer. $6,839.00 of this was applied against pre-petition expenses, resulting in a $3,161.00 credit towards post-petition expenses. Additional details on this credit can be found in Evercore's First Monthly Fee Application [Docket No. 252].

[3] Expense amount shown net of $539.66 of expenses Evercore has voluntarily written off which were billed during the Reimbursement Period in Evercore's First Monthly Fee Application [Docket No. 252]. The full amount of these write-offs was credited against fees and expenses incurred during the Evercore's Second Monthly Fee Application period [Docket No. 292].

23. Evercore's charges for expenses are determined in the same manner as for clients in non-bankruptcy matters. Out-of-pocket expenses incurred by Evercore are charged to a client if the expenses are incurred for the client or are otherwise necessary in connection with services rendered for that client. Evercore does not factor general overhead expenses into disbursements charged to clients in connection with chapter 11 cases. Evercore has followed its general internal policies with respect to out-of-pocket expenses billed to the Debtor.

## DISINTERESTEDNESS AND OTHER MATTERS

24. At all relevant times, Evercore has been a disinterested person, as that term is defined in section 101(14) of the Bankruptcy Code, and has not represented or held an interest adverse to the interest of the Debtor.

25. All services for which compensation is requested by Evercore were performed for or on behalf of the Debtor.

26. Evercore has not shared, or entered into any agreement, express or implied, with any party in interest for the purpose of sharing, fees or other compensation to be paid for professional services rendered in these cases.

## CONCLUSION

27. It is respectfully submitted that the amount requested by Evercore is fair and reasonable and should be approved.

28. The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of his information, knowledge and belief that this Application complies with that Rule, except to the extent waived by the Retention Order or otherwise modified by orders of this Court, and as permitted by or the Interim Compensation Procedures Order. To the extent that this Application does not comply in all respects with the requirements of Local Rule 2016-2,

as so modified, Evercore believes that such deviations are not material and respectfully requests that any such requirement be waived.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

WHEREFORE, Evercore requests that this Court: (a) allow the compensation and expense reimbursements requested herein and (b) grant such other and further relief as is just and proper.

Dated:  January 15, 2015
        New York, New York

EVERCORE GROUP L.L.C.

/s/ Lloyd A. Sprung

Lloyd A. Sprung
Senior Managing Director
55 East 52nd Street
New York, NY 10055
Tel: 212-822-7606
Fax: 212-857-3101
Lloyd.Sprung@Evercore.com
*Investment Banker to the Debtor*

## **VERIFICATION**

LLOYD A. SPRUNG makes this declaration under 28 U.S.C. § 1746, under penalty of perjury, and states:

1. I am a Senior Managing Director of Evercore Group L.L.C. ("Evercore"), which maintains offices for providing investment banking services at 55 East 52nd Street, New York, NY 10055. Evercore has acted as an investment banker to and rendered professional services on behalf of Mineral Park, Inc. (the "Debtor").

2. This verification is submitted pursuant to Bankruptcy Rule 2016 in connection with Evercore's First Interim Fee Application for Allowance of Compensation and Reimbursement of Expenses (the "Application").

3. All of the services for which compensation is sought by Evercore were performed for and on behalf of the Debtor and not on behalf of any other person.

4. No agreement or understanding exists between Evercore and any other entity for the sharing of compensation received or to be received for services rendered in or in connection with these cases.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the facts set forth in the Application and Exhibits are true and accurate to the best of my knowledge, information and belief. Executed on this 15th day of January, 2015.

*/s/ Lloyd A. Sprung*
Lloyd A. Sprung
Senior Managing Director