**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>Mineral Park, Inc., *et al.,*<br><br>                    Debtors. | Chapter 11<br><br>Case No. 14-11996 (KC)<br>(Jointly Administered)<br><br>Re: Docket No. 496<br><br>**Hearing Date:  April 21, 2015 at 1:00 p.m.**<br>**Objection Deadline:  April 14, 2015 at 4:00 p.m.** |

**LIMITED OBJECTION TO ALL COVERED'S MOTION FOR
ALLOWANCE OF ADMINISTRATIVE CLAIM**

Trafigura Trading LLC *f/k/a* Trafigura AG ("Trafigura"), a secured creditor of debtor Bluefish Energy Corporation ("Bluefish"), makes this limited objection ("Limited Objection") to All Covered's ("All Covered") Motion for Allowance of Administrative Claim [D.I. 496] (the "Motion").[1]  In support of its Limited Objection, Trafigura respectfully asserts as follows:

**I.    PRELIMINARY STATEMENT**

1.    Trafigura takes no position as to the allowance of All Covered's administrative expense claim pursuant to section 503(b)(1) of the Bankruptcy Code in the amount of $16,739.42 (the "Administrative Expense Claim") to the extent that it seeks to have the claim allowed against Debtor Mineral Park, Inc. ("MPI").  In addition, to the extent allowed against MPI, payment should not be permitted to be made from any collateral pledged to secured creditors. Administrative expenses must only be paid from the unencumbered assets of a bankruptcy estate rather than from secured collateral. *Ford Motor Credit Co. v. Reynolds & Reynolds Co. (In re JKJ Chevrolet, Inc.)*, 26 F.3d 481, 483 (4th Cir. 1994) (citing *IRS v. Boatmen's First Nat'l Bank of Kan. City*, 5 F.3d 1157, 1159 (8th Cir. 1993)).  Accordingly, Trafigura objects to any payment

---

[1] Any capitalized terms not defined herein have the meaning ascribed to those terms in the Motion.

of the Administrative Expense Claim from the proceeds of the sale of Bluefish's assets, which constitutes Trafigura's collateral.

## II. BACKGROUND

### A. The Bankruptcy Filing

2. On August 25, 2014 (the "Petition Date"), each of Bluefish, MPI, Lodestrike Resources Ltd. ("Lodestrike"), and Mercator Mineral Park Holdings Ltd. (collectively, the "Debtors") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

3. Prior to the Petition Date, in August 2010, Bluefish purchased an LM6000 PF Sprint Gas Turbine from GE Packaged Power, Inc. Bluefish financed the purchase of the gas turbine with a $20.8 million purchase money loan from Trafigura, which was secured the Loan, Bluefish granted Trafigura a security interest in substantially all of Bluefish's assets, including without limitation, the gas turbine.

4. As of the Petition Date, Bluefish scheduled Trafigura as holding an undisputed secured claim in the amount of $13,456,113. *See* Schedule D (Secured Claims) [D.I. 194].

5. On January 7, 2015, the Debtors filed their Motion for an Order (A) Approving Asset Purchase Agreement and Authorizing the Sale of Certain Assets of Debtors Mineral Park, Inc. and Bluefish Energy Corporation Outside the Ordinary Course of Business, (B) Authorizing the Sale of Mineral Park, Inc.'s and Bluefish Energy Corporation's Assets Free and Clear of All Liens, Claims, Encumbrances and Interests Pursuant to Sections 363(b), (f) and (m) of the Bankruptcy Code; (C) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (D) Granting Related Relief [D.I. No. 313] (the "Sale Motion"). In the Sale Motion, the Debtors proposed a sale of substantially all of the assets of both MPI and Bluefish for an aggregate, unallocated consideration of $13.5 million in cash plus

the assumption of certain environmental reclamation liabilities. *See* Transcript of January 20, 2015 Hearing ("Tr. of 1/20/15 Hrg.") at 35:8-12.

6. Trafigura objected to the Sale Motion [D.I. 341]. To protect its interest in Bluefish's assets, Trafigura also submitted an $11.4 million credit bid for Bluefish's assets.

7. At a hearing on January 20, 2015, the Bankruptcy Court, *inter alia*, overruled Trafigura's objection, declined its credit bid, and approved the proposed sale. Following the hearing, the Bankruptcy Court entered its Order (with Revisions) (A) Approving Asset Purchase Agreement and Authorizing the Sale of Certain Assets of Debtors Mineral Park, Inc. and Bluefish Energy Corporation Outside the Ordinary Course of Business, (B) Authorizing the Sale Assets Free and Clear of All Liens, Claims, Encumbrances and Interests Pursuant to Sections 363(b), (f) and (m) of the Bankruptcy Code; and (C) Granting Related Relief [D.I. 355] (the "Sale Order").

8. Trafigura understands that the sale was consummated on January 23, 2015. Pursuant to the Sale Order, the proceeds of the sale are being held by the Debtors and will not be paid to any party without a further order of the Bankruptcy Court on notice to parties in interest. See Sale Order ¶ 41 at 28.

### III. LIMITED OBJECTION

9. The Administrative Expense Claim is predicated on a contract for services that was entered into by and between All Covered and MPI. There is no basis set forth for allowing any portion of the Administrative Expense Claim against Bluefish.

10. Trafigura therefore objects to (i) the allowance of the Administrative Expense Claim against the estate of Bluefish, or (ii) the payment of the Administrative Expense Claim from Trafigura's collateral. Administrative expenses must only be paid from the unencumbered assets of a bankruptcy estate rather than from secured collateral. *Ford Motor Credit Co.*, 26 F.3d

at 483 (citing *IRS*, 5 F.3d at 1159).  To the extent the Administrative Expense Claim is allowed, such claim cannot be paid from the proceeds of the sale of Bluefish's assets, which constitutes Trafigura's collateral.  *See In re Vulcan Foundry & Machine Co.*, 180 F. 671, 675 (3d Cir. 1910) (holding payment from sale proceeds, which were proceeds owed to secured creditors, could not be used to pay expenses of estate); *In re Alcap Mfg. Co.*, 457 F. Supp. 1247, 1250, 1252 (D. Conn. 1978) (finding secured creditor could not be charged with expenses of estate from sale proceeds of secured creditor's collateral).

WHEREFORE, Trafigura respectfully requests that the Court enter an Order (i) providing that none of the Administrative Expense Claim is payable from Bluefish's assets (including the $13.5 million in cash sale proceeds), and (iii) granting such further relief to Trafigura as is appropriate.

Dated:  April 14, 2015  
Wilmington, Delaware

Respectfully submitted,

REED SMITH LLP

By:  /s/ Kurt F. Gwynne  
Kurt F. Gwynne (No. 3951)  
1201 Market Street, Suite 1500  
Wilmington, DE 19801  
Telephone:  (302) 778-7550  
Facsimile:  (302) 778-7575  
Email:  kgwynne@reedsmith.com

-and-

Michael J. Venditto, Esq.  
Sarah K. Kam, Esq.  
599 Lexington Avenue  
New York, NY 10022  
Telephone:  (212) 521-5400  
Facsimile:  (212) 521-5450  
Email: mvenditto@reedsmith.com  
Email: skam@reedsmith.com

Attorneys for Trafigura Trading LLC  
*f/k/a* Trafigura AG