IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| Mineral Park, Inc., et al.,[1] | ) Case No.: 14-11996 (KJC) |
| | ) (Jointly Administered) |
| Debtors. | ) |

Hearing Date: July 8, 2015 at 3:00 PM Eastern
Objection Deadline: July 1, 2015 at 4:00 PM Eastern

## MOTION OF MINERAL PARK, INC. UNDER BANKRUPTCY CODE SECTION 105 AND BANKRUPTCY RULE 9019 FOR ENTRY OF AN ORDER APPROVING SETTLEMENT WITH ME ELECMETAL, INC.

Mineral Park, Inc., one of the above captioned debtors and debtors in possession (the "Debtor"), submits this motion (the "Motion") seeking entry of an order under section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing entry into and approving that certain Settlement Agreement (the "Agreement")[2] by and between the Debtor and ME Global Inc. d/b/a ME Elecmetal, Inc. ("ME Elecmetal"), a copy of which is attached hereto as **Exhibit A**.

---

[1] The debtors and debtors in possession in these proceedings and the last four digits of each debtor's federal taxpayer identification number are as follows: Mineral Park, Inc. (6900); Bluefish Energy Corporation (6843); Mercator Mineral Park Holdings Ltd. (3520); and Lodestrike Resources Ltd. (7923). The mailing address for Mineral Park, Inc. and Bluefish Energy Corporation is 8275 N. Mineral Park Road, Golden Valley AZ 86413. The mailing address for Mercator Mineral Park Holdings Ltd. and Lodestrike Resources Ltd. is #1050 - 625 Howe Street, Vancouver BC V6C 2T6.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Agreement.

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider the Motion under 28 U.S.C. §§ 157 and 1334. Venue of the Debtor's chapter 11 case and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are Bankruptcy Code section 105(a) and Bankruptcy Rule 9019.

3. Pursuant to Rule 9013-1(f) of the Local Rules for the United States Bankruptcy Court for the District of Delaware, the Debtor consents to the entry of a final judgment or order with respect to the Motion if it is determined that this Court would lack Article III jurisdiction to enter such final order or judgment absent the consent of the parties.

## GENERAL BACKGROUND

**A.    The Chapter 11 Cases**

4. On August 25, 2014 (the "Petition Date"), the Debtor and certain of its affiliates commenced their respective cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. No trustee or examiner has been appointed in these chapter 11 cases.

5. The Debtor has continued in possession of its property and has continued to operate and manage its business as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On August 27, 2014, the Court entered an order jointly administering each of the above-captioned cases.

6. On September 9, 2014, the Office of the United States Trustee appointed a committee of unsecured creditors (the "Creditors' Committee").

7. The factual background relating to the commencement of the chapter 11 case is set forth in detail in the *Declaration of Marc S. LeBlanc in Support of First Day Motions* (the "LeBlanc Declaration") filed on the Petition Date.

## BACKGROUND RELATED TO THE SETTLEMENT AGREEMENT

8. As of the Petition Date, the Debtor owned and operated a producing copper-molybdenum mine encompassing approximately 6,497 acres of contiguous ground located near Kingman, Arizona (the "Mine").

9. In connection with the operation of the Mine, the Debtor purchased certain goods, including grinding media and grinding mill liners, from ME Elecmetal, which is not affiliated with or related to the Debtor.

10. ME Elecmetal received certain prepayments from the Debtor totaling $903,620.14 (the "Prepayments") for certain products comprised of grinding media, bolts and liners to be made and provided by ME Elecmetal to the Debtor (the "Ordered Goods") and used by the Debtor in connection with the Mine, pursuant to certain purchase orders (the "Purchase Orders") between the parties.

11. Subsequent to the Purchase Orders, postpetition, the Debtor converted the Mine and associated assets and operations to "care and maintenance" status and sold the Mine and certain other assets to a third party in the chapter 11 case, which sale was approved by the

Court pursuant to an order entered on January 20, 2015. Accordingly, the Debtor no longer needs any of the Ordered Goods.

12. ME Elecmetal has asserted that certain of the Ordered Goods, given their nature, cannot be sold to other parties, that such goods can only be sold for scrap value, and the Debtor is obligated to pay the full contractual amount for such Ordered Goods.

13. As noted, the Debtor no longer needs the Ordered Goods, and desires to reach a consensual resolution with ME Elecmetal in order to have substantial funds returned to the Debtor. After good faith, arms' length negotiations, the Debtor and ME Elecmetal reached an agreement to resolve all of their disputes relating to the Prepayments, Ordered Goods and Purchase Orders on the terms set forth in the Agreement. The Agreement[3] provides, among other things, that ME Elecmetal shall return and pay to the Debtor (the "ME Elecmetal Payment") the Prepayments in cash, subject to the following agreed-to adjustments:

| Ordered Goods | Prepayment Amount | Agreed-To Adjustment | Amount Returned to MPI |
|---|---|---|---|
| Grinding Balls | $467,453.47 | ME Elecmetal will credit $435,000.00 of prepayment towards other goods received by MPI (reducing prepayment balance to $32,453.47), and keep goods and pay MPI $81,088.35 (scrap value of the goods) | $113,541.82 [$32,453.47 + $81,088.35] |
| Bolts | $20,626.00 | ME Elecmetal will return the entire amount to MPI | $20,626.00 |

---

[3] The parties' Agreement is summarized herein but the terms, as set forth in the Agreement, attached hereto as **Exhibit A**, are incorporated herein by reference and shall control.

| SAG Mill Liners | $415,540.67 | ME Elecmetal will charge MPI $101,265.00 for 23 custom liners already made on account of applicable Purchase Orders (reducing prepayment balance to $314,275.67), and pay MPI $8,786.00 (scrap value of the goods) | $323,061.67 [$314,275.67 + $8,786.00] |
|---|---|---|---|
| | | **Total:** | $457,229.49 |

As part of the settlement, the parties will also give each other full mutual releases, provided, however, the Debtor and estate will retain the right to pursue any potential Preference Claims (such claims not being released by the Debtor) and relatedly ME Elecmetal will retain the right to assert and litigate any Preference Claim Defenses notwithstanding its general waiver and release of claims against the Debtor. *See* sections 3 and 4 of Agreement.

## RELIEF REQUESTED

14.  The Debtor seeks the entry of an order approving the Agreement and authorizing the Debtor to enter into it, and granting such other and further relief as is just and necessary.

## ARGUMENT

### The Settlement Agreement is a Fair and Equitable Resolution of the Disputes Between the Debtor and ME Elecmetal

15.  Bankruptcy Rule 9019 authorizes the Court "to approve a compromise or settlement, provided that notice is given to the debtors, its creditors, the United States Trustee and any other permitted party. FED. R. BANKR. P. 9019(a). Section 105(a) of the Bankruptcy

Code provides in relevant part that the "court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a).

16. Settlements in bankruptcy are favored as a means of minimizing litigation, and expediting the administration of the bankruptcy estate. *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996) (citing COLLIER ON BANKRUPTCY ¶ 9019.03[1] (15th ed. 1993)); *In re TSIC, Inc.*, 393 B.R. 71, 78 (Bankr. D. Del. 2008). "The bankruptcy court must ... decide whether the settlement is 'fair and equitable'." *In re ID Liquidation Trust, LLC*, No. 13-3386, 2014 U.S. App. LEXIS 2971, at *8 (3d Cir. Feb. 9, 2014); *see also In re Filene's Basement, LLC*, Case No. 11-13511, 2014 Bankr. LEXIS 2000, at *22 (Bankr. D. Del. Apr. 29, 2014) ("The decision whether to approve a compromise under Rule 9019 is committed to the sound discretion of the Court ... ."). In exercising its discretion, the Court will consider the *Martin* factors: (a) the probability of success; (b) any difficulty with collection; (c) the complexity of the litigation, the related expenses and the cost of delay; and (d) the interest of the creditors. *See In re ID Liquidation Trust, LLC*, 2014 U.S. App. LEXIS 2971, at *8-9 (citing *In re Martin*, 91 F.3d 389, 393 (3d Cir. 1996)).

17. The Agreement represents a fair and equitable resolution of the disputes between the Debtor and ME Elecmetal, without the costs, delays and risks of litigation. As noted, ME Elecmetal asserts that certain of the Ordered Goods, given their nature, cannot be sold to other parties and that the Debtor is obligated to and should pay the full contractual amount for such Ordered Goods. The Debtor, however, no longer needs the Ordered Goods, and in order to

be able to recover a substantial portion of the Prepayments for the benefit of the estate, the Debtor believes that entry into the Agreement is fair and appropriate under all of the circumstances and in the best interest of the estate. Given the Debtor's paucity of financial and personnel resources, it would be very difficult and not cost-effective to litigate this matter with ME Elecmetal. Further, any litigation with ME Elecmetal would be fraught with substantial risks, delays and uncertainties.

18. In contrast, the Agreement will confer an immediate, material benefit upon the estate. Upon Court approval of the Agreement, ME Elecmetal will immediately pay the Debtor $457,229.49 in cash under the Agreement. Further, while the Debtor will be waiving and releasing any non-preference related claims against ME Elecmetal, the Debtor and estate will retain any potential Preference Claims under the Agreement. In exchange for its release of all other claims against ME Elecmetal, the Debtor will receive a mutual, full release from ME Elecmetal (subject to its rights with respect to Preference Claim Defenses) under the Agreement. In light of the material benefit to the bankruptcy estate, the Agreement proves equitable and fair. *See In re Capmark Fin. Grp., Inc.*, 438 B.R. 471 (Bankr. D. Del. 2010) ("The court ... should canvas the issues to determine whether the settlement falls above the lowest point in the range of reasonableness."). The economic benefit alone to the estate in the form of the ME Elecmetal Payment fall above the lowest point in the range of reasonableness.

## CONCLUSION

19. The Debtor submits that the Agreement is in the best interests of the Debtor, the estate and its creditors, and other parties in interest. Therefore, the Debtor

respectfully requests that this Court enter an order authorizing the Debtor to enter into the Agreement and approving the Agreement.

## NOTICE

20. Notice of this Motion will be provided to: (a) the Office of the United States Trustee for the District of Delaware, (b) counsel for the Creditors' Committee, and (c) any party that has requested notice pursuant to Bankruptcy Rule 2002. Because of the nature of the relief requested, the Debtor respectfully submits that no other or further notice of the relief requested in this Motion need be given.

## NO PRIOR REQUEST

21. No previous request for the relief sought herein has been made to this Court or any other court.

WHEREFORE, the Debtor respectfully requests that the Court enter an order approving the Agreement and granting such other and further relief as deemed just and appropriate.

Dated: June 16, 2015

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ James E. O'Neill*

Jeremy V. Richards (CA Bar No. 102300)
Maxim B. Litvak (CA Bar No. 215852)
James E. O'Neill (Bar No. 4042)
Colin R. Robinson (Bar No. 5524)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
Telephone: 302/652-4100
Facsimile: 302/652-4400
E-mail: jrichards@pszjlaw.com
mlitvak@pszjlaw.com
joneill@pszjlaw.com
crobinson@pszjlaw.com

Counsel for the Debtors and Debtors in Possession