IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| MINERAL PARK, INC., *et al.*,[1] | Case No. 14-11996 (KJC) |
| Debtors. | (Jointly Administered) |

**MOHAVE COUNTY'S NOTICE OF DEPOSITION OF
TRAFIGURA TRADING LLC F/K/A TRAFIGURA AG PURSUANT TO RULE 30(B)(6)**

PLEASE TAKE NOTICE that Mohave County, Arizona ("Mohave County"), a creditor and party in interest in the jointly administered chapter 11 cases of the above-captioned debtors and debtors in possession (collectively, "Debtors"), will take the deposition of a witness or witnesses to be designated by Trafigura Trading LLC f/k/a Trafigura AG ("Trafigura") who are competent to testify with respect to the matters set forth in the attached Exhibit A, on Wednesday, July 22, 2015, starting at 10:00 a.m. (prevailing Eastern time), at the offices of Duane Morris LLP, 222 Delaware Avenue, Suite 1600, Wilmington, Delaware 19801 (or at another mutually agreed place or on another mutually agreeable date and time).

This Notice is given pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure ("Federal Rules"), made applicable to this proceeding by Rules 9014 and 7030 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"). Pursuant to Rule 30(b)(6) of the Federal Rules, Trafigura is required to designate one or more officers, directors, managing agents or

---

[1] The Debtors in these proceedings and the last four digits of each Debtor's federal taxpayer identification number are as follows: Mineral Park, Inc. (6900); Bluefish Energy Corporation (6843); Mercator Mineral Park Holdings Ltd. (3520); and Lodestrike Resources Ltd. (7923). The mailing address for Debtors Mineral Park, Inc. and Bluefish Energy Corporation is 8275 N. Mineral Park Road, Golden Valley AZ 86413. The mailing address for Debtors Mercator Mineral Park Holdings Ltd. and Lodestrike Resources Ltd. is #1050 – 625 Howe Street, Vancouver BC V6C 2T6.

other persons who consent to testify on Trafigura's behalf regarding the matters set forth on the attached Exhibit A.

The deposition will be taken upon oral examination by a person authorized to administer oaths and will be recorded by sound, sound-and-visual, or stenographic means. In accordance with the Federal Rules and Bankruptcy Rules, this deposition will be taken for the purpose of discovery and/or used as evidence on the matters scheduled to be heard in this bankruptcy case on August 11 and 12, 2015.

Mohave County reserves the right to supplement or revise the matters listed on Exhibit A. Mohave County also reserves the right to issue other or further notices of deposition.

Dated:  July 15, 2015
        Wilmington, Delaware

DUANE MORRIS LLP

*/s/ Jarret P. Hitchings*
Christopher M. Winter (DE 4163)
Jarret P. Hitchings (DE 5564)
222 Delaware Avenue, Suite 1600
Wilmington, DE  19801-1246
Telephone:  (302) 657-4900
Facsimile:   (302) 657-4901
E-mail:   cmwinter@duanemorris.com
          jphitchings@duanemorris.com

*Counsel to Mohave County, Arizona*

# EXHIBIT "A"

## Definitions

1. The terms "***all Documents***" and "***each Document***" shall mean every Document which can be located, discovered, or obtained by reasonably diligent efforts, including without limitation all Documents possessed by: (a) You or Your counsel; or (b) any other Person or entity from whom You can obtain such Documents by request or which You have a legal right to bring within Your possession by demand.

2. The terms "***and***" as well as "***or***" shall mean and include both the conjunctive and the disjunctive as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

3. The term "***APA***" shall mean the Asset Purchase Agreement dated January 7, 2015 between Mineral Park and Bluefish, as sellers, and Buyer, as buyer.

4. The term "***Bluefish***" shall mean Bluefish Energy Corporation.

5. The term "***Bluefish Assets***" shall mean all assets of Bluefish, including but not limited to the Bluefish Turbine and the Bluefish EGF.

6. The term "***Bluefish Sale Assets***" shall mean all the Sale Assets sold by Bluefish.

7. The term "***Bluefish EGF***" shall mean the Bluefish Turbine, together with all appurtenant gas supply lines and related facilities, transformer and transmission lines and any and all other components and parts necessary for operation of such industrial gas turbine power.

8. The term "***Bluefish Turbine***" shall mean the LM6000 PF Sprint Gas Turbine generator system that was part of the Sale Assets.

9. The term "***Buyer***" shall mean Origin Mining Company, LLC.

10. The term "***Cash Proceeds***" shall mean the $13.5 million in cash proceeds of the Sale.

11. The term "***Communication***" shall mean any oral, written, symbolic or other type of communication, correspondence, or other transmittal of information (whether in the form of facts, ideas, opinions, inquiries or otherwise) in any form and/or format whatsoever.

12. The term "***concerning***" shall mean relating to, referring to, describing, evidencing, supporting, or constituting.

13. The term "***Date***" shall mean the time period from 12:00 a.m. until 11:59 p.m. for any calendar day.

14. The term "***Debtors***" shall mean, collectively, the debtors in these jointly administered proceedings, including Mineral Park and Bluefish.

15. The term "***Distribution Motion***" shall mean the Motion of Debtors Mineral Park, Inc. and Bluefish Energy Corporation for Approval of Stipulation by and among Debtors and Société Général Regarding Distribution of Certain proceeds from Sale [Docket No. 453].

16. The terms "***Document***" or "***Documents***" shall have the meaning set forth in Rule 34(a) of the Federal Rules, made applicable to this proceeding by Rule 7034 of the Bankruptcy Rules, and shall include, without limitation, any writing, recording, photograph, computer data base, data bank, report, memoranda, electronically stored information, books summarizing, ledgers or other item containing information of any kind or nature, whether in draft or final form (a draft or non-identical copy being a separate Document within the meaning of the terms), however produced or reproduced, whatever its origin or location, and regardless of the form in which such information exists or is maintained.

17. The term "***Mineral Park***" shall mean Mineral Park, Inc.

18. The term "***Mineral Park Assets***" shall mean all assets of Mineral Park.

19. The term "***Mineral Park Sale Assets***" shall mean all the Sale Assets sold by Mineral Park.

20. The term "***Mineral Park Mine***" shall mean the copper-molybdenum mine located near Kingman, Arizona formerly owned and operated by Mineral Park and sold pursuant to the Sale.

21. The term "***Mohave State Bank***" shall mean Mohave State Bank FSB.

22. The term "***Motions***" shall mean, collectively, the Trafigura Motion, the Distribution Motion, the Surcharge Motion, and the contemplated motions to be filed by Mohave County and Mohave State Bank.

23. The terms "***Party***" and "***Parties***" means the Debtors, Mohave County, SG, Trafigura, Mohave State Bank, and any such other party that may respond, formally or informally, to the Motions, individually and collectively, respectively, as well as the Party's full or abbreviated name or a pronoun referring to a Party, and further mean, where applicable, a Party's officers or directors, employees, partners, corporate parent, subsidiaries, affiliates predecessors and any Person acting on or for its behalf.  This definition is not intended to impose a discovery obligation on any Person who is not a Party to the litigation relating to the Motions.

24. The term "***Person***" shall mean any natural Person(s) and any and all other legal entities and associations of Persons or entities of any nature whatsoever, including, without limitation, agencies, committees, corporations, departments, divisions, firms, governmental entities, groups, joint ventures, organizations, partnerships, task forces and trusts, and in a manner that does not exclude from the scope of any below Document Request any act, omission, transaction, occurrence, Document, thing, information, subject or matter whatsoever.

25. The term "*Petition Date*" shall mean August 25, 2014.

26. The term "*Sale*" shall mean that transaction approved by the Sale Order.

27. The term "*Sale Assets*" shall mean those assets sold by Mineral Park and Bluefish to Buyer as part of the Sale, as approved by the Sale Order.

28. The term "*Sale Order*" shall mean the Order (A) Approving Asset Purchase Agreement and Authorizing the Sale of Certain Assets of Debtors Mineral Park, Inc. and Bluefish Energy Corporation Outside the Ordinary Course of Business, (B) Authorizing the Sale of Assets Free and Clear of All Liens, Claims, Encumbrances and Interests Pursuant to Sections 363(b), (f) and (m) of the Bankruptcy Code, and (C) Granting Related Relief [Docket No. 355], entered January 20, 2015.

29. The term "*SG*" shall mean Société Générale, for itself and in its capacity as administrative agent for certain lenders under the SG Credit Facility.

30. The term "*SG Credit Facility*" shall mean that certain $130 million loan facility between Mineral Park, as borrower, and SG, for itself and in its capacity as administrative agent for certain lenders, dated April 26, 2010, as amended and other modified from time to time, together with those certain hedging arrangements described in the Distribution Motion.

31. The term "*Surcharge Motion*" shall mean the Motion of Debtors Mineral Park, Inc. and Bluefish Energy Corporation for Entry of an Order Authorizing Debtors to Surcharge Secured Creditors' Collateral (Proceeds of Sale of Debtors' Assets) [Docket No. 456].

32. The term "*Surcharge Period*" shall mean the period from the Petition Date through and including January 23, 2015.

33. The term "*Trafigura*" shall mean Trafigura Trading LLC f/k/a Trafigura AG.

34. The term "*Trafigura Financing*" shall mean collectively (i) the secured loan from Trafigura to Bluefish in the original principal amount of $20,834,467 pursuant to a Master Loan and Security Agreement, dated as of October 21, 2010, and (ii) and any other loan or financial accommodation made by Trafigura that is purportedly secured by the Bluefish Turbine or the Bluefish EGF.

35. The term "*Trafigura Motion*" shall mean the Motion of Trafigura Trading LLC f/k/a Trafigura AF for an Order (I) Determining that Bluefish Energy Corporation is Not Liable for Taxes Imposed on Mineral Park, Inc. and (II) Allocating and Distribution Sale Proceeds [Docket No. 451].

**Deposition Topics**

1.       All Documents produced in discovery by Trafigura in the above-captioned matter, including, but not limited to, all documents provided to Mohave County in response to *Mohave County's Request for Production of Documents*;

2.       The Trafigura Financing, including the terms thereof and Bluefish's obligations thereunder and all communications and negotiations between Trafigura and the Debtors;

3.       Trafigura's security interest in the Bluefish Assets, including the Bluefish EGF and the Bluefish Turbine;

4.       The Master Loan and Security Agreement, dated as of October 21, 2010;

5.       Bluefish's obligations pursuant to the Trafigura Financing, including, but not limited to any obligation to prepare or file tax returns, property or asset reports, or other tax reporting or assessment Documents, or to pay taxes; and

6.       The formation of Bluefish as a "special purpose entity" pursuant to the Trafigura Financing.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| MINERAL PARK, INC., *et al.*,[1] | Case No. 14-11996 (KJC) |
| Debtors. | (Jointly Administered) |

### CERTIFICATE OF SERVICE

I, Jarret P. Hitchings, Esquire, certify that I am over 18 years of age, and that on July 15, 2015, I caused a true and correct copy of the foregoing *Mohave County's Notice of Deposition of Trafigura Trading LLC f/k/a Trafigura AG Pursuant to Rule 30(b)(6)* to be served on the parties in the attached service list in the manner so indicated.

Dated: July 15, 2015
      Wilmington, Delaware

Duane Morris LLP

*/s/ Jarret P. Hitchings*
Christopher M. Winter (DE 4163)
Jarret P. Hitchings (DE 5564)
222 Delaware Avenue, Suite 1600
Wilmington, DE 19801-1246
Telephone: (302) 657-4900
Facsimile: (302) 657-4901
E-mail: cmwinter@duanemorris.com
          jphitchings@duanemorris.com

*Counsel to Mohave County, Arizona*

---

[1] The Debtors in these proceedings and the last four digits of each Debtor's federal taxpayer identification number are as follows: Mineral Park, Inc. (6900); Bluefish Energy Corporation (6843); Mercator Mineral Park Holdings Ltd. (3520); and Lodestrike Resources Ltd. (7923). The mailing address for Debtors Mineral Park, Inc. and Bluefish Energy Corporation is 8275 N. Mineral Park Road, Golden Valley AZ 86413. The mailing address for Debtors Mercator Mineral Park Holdings Ltd. and Lodestrike Resources Ltd. is #1050 – 625 Howe Street, Vancouver BC V6C 2T6.

| | |
|---|---|
| **VIA E-MAIL AND U.S. MAIL**<br>Maxim B. Litvak, Esq.<br>Pachulski Stang Ziehl & Jones LLP<br>150 California Street, 15th Floor<br>San Francisco, CA 94111<br>mlitvak@pszjlaw.com | **VIA E-MAIL AND HAND DELIVERY**<br>Peter J. Kean, Esq.<br>James E. O'Neill, Esq.<br>Colin R. Robinson, Esq.<br>Pachulski Stang Ziehl & Jones LLP<br>919 North Market Street, 17th Floor<br>Wilmington, DE 19801<br>pkeane@pszjlaw.com<br>jo'neill@pszjlaw.com<br>crobinson@pszjlaw.com |
| **VIA E-MAIL AND HAND DELIVERY**<br>Tiara N. A. Patton, Esq.<br>Office of the United States Trustee<br>J. Caleb Boggs Federal Building<br>844 King Street, Suite 2207<br>Lockbox 35<br>Wilmington, DE 19801<br>tiara.patton@usdoj.gov | **VIA E-MAIL AND U.S. MAIL**<br>Jeremy V. Richards, Esq.<br>Pachulski Stang Ziehl & Jones LLP<br>10100 Santa Monica Blvd., 11th Floor<br>Los Angeles, CA 90067<br>jrichards@pszjlaw.com |
| **VIA E-MAIL AND U.S. MAIL**<br>Edwin H. Caldie, Esq.<br>Robert T. Kugler, Esq.<br>Stinson Leonard Street LLP<br>150 South Fifth Street, Suite 2300<br>Minneapolis, MN 55402<br>ed.caldie@stinsonleonard.com<br>Robert.kugler@stinsonleonard.com<br><br>(Official Committee of Unsecured Creditors Counsel) | **VIA E-MAIL AND HAND DELIVERY**<br>Brian L. Arban, Esq.<br>John M. Darby, Esq.<br>Adam Hiller, Esq.<br>Hiller & Arban, LLC<br>1500 North French Street, 2nd Floor<br>Wilmington, DE 19801<br>barban@hillerarban.com<br>jdarby@hillerarban.com<br>ahiller@hillerarban.com<br><br>(Official Committee of Unsecured Creditors Counsel) |
| **VIA E-MAIL AND HAND DELIVERY**<br>Kurt F. Gwynne, Esq.<br>Bernard C. Devieux, Esq.<br>Reed Smith LLP<br>1201 Market Street, Suite 1500<br>Wilmington, DE 19801<br>kgwynne@reedsmith.com<br>bdevieux@reedsmith.com<br><br>(Counsel to Trafigura) | **VIA E-MAIL AND U.S. MAIL**<br>Alisa C. Lacey, Esq.<br>Stinson Leonard Street LLP<br>1850 North Central Avenue, Suite 2100<br>Phoenix, AZ 85004<br>alisa.lacey@stinsonleonard.com<br><br>(Official Committee of Unsecured Creditors Counsel) |